UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL A. ter MAAT, MERCEDES
ter MAAT, as parents and natural
guardians of J.C., a minor child,**

          **Plaintiffs,**

-vs-                                              **Case No.  6:08-cv-402-Orl-19GJK**

**FLORIDA AIR ACADEMY -
MELBOURNE, INC.,**

          **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Counts I, II, III, V and VI by Defendant (Doc. No. 5, filed Mar. 18, 2008);

2. Motion to Remand by Plaintiffs (Doc. No. 24, filed Apr. 18, 2008);

3. Notice of Voluntary Dismissal Without Prejudice as to Count V (Doc. No. 25, filed Apr. 18, 2008); and

4. Memorandum of Plaintiffs in Opposition to Defendant's Motion to Dismiss Counts I, II, III, V, and VI (Doc. No. 26, filed Apr. 18, 2008).

Plaintiffs Michael A. Ter Maat and Mercedes Ter Maat filed this action in state court on behalf of their minor child against Defendant Florida Air Academy-Melbourne, Inc., seeking a declaratory judgment as to their responsibility for their child's tuition and damages for alleged breach of contract, negligence, unjust enrichment, violations of the Americans with Disabilities Act, and violations of the Florida Civil Rights Act.  (Doc. No. 2, ¶¶ 22-50.)  Defendant filed a Motion

to Dismiss and then removed to this Court on the basis of federal question subject matter jurisdiction.[1]  (Doc. Nos. 1, 5, filed Mar. 18, 2008.)

Plaintiffs responded by moving for voluntary dismissal of their federal claim without prejudice and moving to remand the remaining counts.[2]  (Doc. No. 24, 25.)  Plaintiffs' Motion to Remand states that "[b]efore filing this motion, undersigned counsel contacted opposing counsel's office, which has not advised as to whether or not he consents to the remand prayed for in this motion."  (Doc. No. 24 at 2.)  Defendant has not responded in the seven weeks since Plaintiffs filed their Motion to Remand and Notice of Voluntary Dismissal.

Federal District Courts have discretion to retain state law claims after the claims giving rise to federal question subject matter jurisdiction have been dismissed.  *See, e.g.*, *Calcerrada v. Securitas Sec. Services, USA, Inc.*, No. 5:07-cv-295-Oc-10GRJ, 2008 WL 1925269, at *2 (M.D. Fla. Apr. 29, 2008) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172-73 (1997)).  "The Court's discretionary decision whether or not to entertain the remaining state claims should be guided by the values of judicial economy, convenience, fairness and comity."  *Id.* (citing *Int'l College of Surgeons*, 522 U.S. at 172-73).  In every case, the failure to oppose a dispositive motion

---

[1]  Defendant's Motion to Dismiss did not specify whether it sought dismissal with or without prejudice.

[2]  Plaintiffs actually filed a unilateral "Notice of Voluntary Dismissal." (Doc. No. 25 at 1.)  Under Federal Rule of Civil Procedure 41(a)(1)(A), a notice of voluntary dismissal must be filed before the Defendant files an answer or motion for summary judgment.  Otherwise, the plaintiff must move the court for dismissal or file a joint stipulation of dismissal.  Fed. R. Civ. P. 42(a)(2).  Plaintiffs contend that unilateral voluntary dismissal is appropriate because Defendant filed a simultaneous Answer and Motion to Dismiss in state court.  In the alternative, Plaintiffs request that the Court construe the document as a motion for voluntary dismissal should the Court decide that unilateral voluntary dismissal under Rule 41(a)(1)(A) is inappropriate.  Because Plaintiffs filed their Notice after Defendant filed its Answer, and Rule 41(a)(1)(A) specifically requires a unilateral voluntary dismissal to occur before the answer is filed, the Court construes the document as a motion seeking voluntary dismissal of Count V.

raises an inference that the party does not object to such motion. *See, e.g., Freshwater v. Shiver*, Case No. 6:05-cv-756, 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

Here, judicial economy, convenience, fairness, and comity militate toward remand. Judicial economy would be well-served by remand because this case is in its very early stages. *Calcerrada*, 2008 WL 1925269, at *2. Likewise, principles of comity weigh heavily toward remand because the remaining issues in this case involve the interpretation of Florida law. *Id.* at *3. Finally, the principles of convenience and fairness are furthered by remand because Plaintiffs have specifically requested remand, and Defendant did not respond to their request or otherwise indicate its opposition.

Based on the foregoing, Count V of the Complaint is **DISMISSED** without prejudice, and the Motion to Remand by Plaintiffs (Doc. No. 24, filed Apr. 18, 2008) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** the case and close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June _9_, 2008.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record